[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10396
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cv-80425-BSS

DONTRELL STEPHENS,

Plaintiff – Appellee,

versus

ADAMS LIN, Deputy Sheriff, individually,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2015)

Before MARTIN, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

This is a 42 U.S.C. § 1983 excessive force case.  The Plaintiff, Dontrell

Stephens ("Stephens"), claims that the Defendant, Deputy Adams Lin ("Lin"),

used excessive force against him in violation of the Fourth Amendment by

shooting him four times at close range after stopping Stephens for riding his bicycle on the wrong side of the road.  The shooting rendered Stephens a paraplegic.  After Lin moved for summary judgment based on qualified immunity from Stephens's Fourth Amendment excessive force claim, the district court denied the motion. (DE 163).  We affirm.[1]

## I. Facts

In denying Lin's summary judgment motion, the district court considered the facts in the light most favorable to Stephens.  We presume the parties' familiarity with the facts.  The district court's opinion correctly recites the facts in the light most favorable to Stephens. (DE 163:5-7).  We recite only those necessary to decide this appeal.

Lin stopped Stephens for riding his bicycle on the wrong (left) side of the road.  When Stephens saw the lights of Lin's patrol car, he crossed the road (to the right side) in front of Lin's patrol car.  Stephens dismounted his bicycle in a yard when he heard the patrol car's siren blast.  Stephens had been talking to someone on his cell phone, and it was in his right hand as he approached Lin.  Stephens

---

[1] Stephens contends that we do not have interlocutory jurisdiction because the district court denied Lin's motion solely on the basis of the existence of genuine issues of material fact. While the district court based its order on facts and inferences resolved in Stephens's favor, the district court analyzed whether Lin, on those facts, had violated a clearly established constitutional right (DE163:14-19).  These are "core qualified immunity" legal issues that we may review on an interlocutory appeal. *Cottrell v. Caldwell*, 85 F.3d 1480, 1484 (11th Cir. 1996).  We have jurisdiction to hear this appeal.

asked Lin why he was being stopped. Lin did not respond. Lin told Stephens to raise his hands above his head; Stephens did. His cell phone was still in his right hand, and his left hand was empty. With his hands still up and the cell phone still in his right hand, Stephens began to pivot to his right. Lin then shot Stephens four times, rendering Stephens a paraplegic.

## II. Standard of Review

We review de novo a district court's denial of a defendant's motion for summary judgment based on qualified immunity. We resolve all genuine factual issues in favor of the plaintiff, and then determine on the basis of those facts whether the defendant is entitled to qualified immunity. *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003).

## III. Discussion

Where, as here, the district court has detailed the facts upon which it has relied, and we find support for those findings in the summary judgment record, we accept those facts as the basis for reviewing the summary judgment order. *Cook v. Gwinnett Cnty. Sch. Dist.*, 414 F.3d 1313, 1315 n.4 (11th Cir. 2005).

The qualified immunity defense requires the party seeking its protection (Lin) to prove that he was exercising discretionary authority at the time of the challenged incident. That is not contested. The burden, therefore, is on Stephens to prove that he suffered a constitutional violation and that the constitutional right

violated was clearly established when the challenged incident occurred. *Toland v. Cotton*, __ U.S. __, 134 S. Ct. 1861, 1865 – 66 (2014).

The district court correctly concluded that a reasonable jury "could find that Deputy Lin violated [Stephens's] constitutional rights by employing excessive force." DE 163:16.[2]   The district court then correctly concluded that the violated right was clearly established by governing case law.   We agree with those conclusions.

## IV.  Conclusion

We affirm the district court's denial of summary judgment to Deputy Adams Lin on his qualified immunity defense.

**AFFIRMED.**

---

[2] Lin does not contend that shooting Stephens's *under the facts Stephens alleges* did not constitute a violation of Stephens's clearly established constitutional rights.  He contends that he is entitled to qualified immunity under *his* version of the facts.  This contention is without merit because it ignores the case law governing summary judgment analysis of qualified immunity.